FILED

2013 Sep-23  PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **RONNY BLAKENSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case Number  2:12-CV-0984-SLB** |
| | ) | |
| **LHOIST NORTH AMERICA OF** | ) | |
| **ALABAMA, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

The case is presently pending before the court on the parties' Joint Petition for

Settlement Approval and Entry of Final Judgment.  (Doc. 20.)  For the reasons set forth

below, the court find the parties' Petition is due to be granted.

The court notes:

> [T]he FLSA's provisions are mandatory and, except in two narrow
> circumstances, are generally not subject to bargaining, waiver, or modification
> by contract or settlement.  *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697,
> 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945).  The first exception is that the
> Secretary of Labor may supervise the payment of back wages to employees;
> employees who accept such payments waive their rights to bring suits for
> liquidated damages, provided the employer pays the back amount in full.  29
> U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,
> 1352-53 (11th Cir. 1982).
>
> The second route to settlement, and the one that is applicable here,
> occurs when an employee brings a private action for back wages under 29
> U.S.C. § 216(b); the employee and employer present a proposed settlement to
> the district court, and the district court reviews the judgment and enters it as
> a stipulated judgment.  *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements
> may be permissible in the context of a suit brought by employees under the
> FLSA for back wages because initiation of the action by employees provides

some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have not submitted their settlement agreement to the court.  However, they represent that "[t]he amount of [the] settlement payment for the FLSA claim [that] Plaintiff is receiving from [defendant] under the terms of the Agreement is more than . . . the total of all of the unclaimed wages and overtime and an equal amount of liquidated damages. Consequently, Plaintiff is receiving more than he claims in unpaid wages and overtime and more than he could claim in liquidated damages under the terms of the Agreement."  (Doc. 20 ¶ 6 [internal citations omitted].)  They contend, "Because the settlement payment compensates Plaintiff in excess of the amount of his claimed unpaid wages, overtime and liquidated damages under the FLSA claim, there has been no compromise of his FLSA claims, and the terms of the FLSA settlement are therefore fair and reasonable."  (*Id*. ¶ 7.)

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of his backpay, if any. Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Joint Motion for Approval of Settlement, (doc. 20), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 23rd day of September, 2013.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE